OPINION
{¶ 1} Kwesie Amoa Awuah ("Amoa Awuah") appeals from a judgment of the Domestic Relations Division of the Montgomery County Court of Common Pleas, which found him in contempt for failing to comply with the terms of his divorce decree.
 {¶ 2} Amoa Awuah and his ex-wife Robin Wright ("Wright") divorced in 1998. The two entered into a separation agreement, which was incorporated into their divorce decree by the trial court. That settlement agreement addressed the distribution of a bonus that Amoa Awuah was eligible to receive from his employer, Merrill Lynch. Pursuant to Merrill Lynch's "Investment Certificate Plan," Amoa Awuah would receive a bonus of $100,000 if he generated three million dollars of business for Merrill Lynch during a ten-year period beginning in 1991. If he failed to generate three million dollars of business, he would not receive any part of the bonus.
 {¶ 3} Amoa Awuah and Wright divorced when he was six and a half years into the ten-year period. Their settlement agreement originally provided for the following distribution of Amoa Awuah's bonus if and when he received it:
 {¶ 4} "* * * Husband's 10-year incentive performance bonus acquired during the parties' marriage shall be equally divided by the parties upon Husband's receipt of same. Wife shall receive one-half (1/2) of 6.5 years of marriage overlap with 10 years of service with Merrill Lynch x the bonus amount after taxes have been subtracted at Husband's effective tax rate (1/2 x 6.5 years /10 years x Net Bonus after taxes)."
 {¶ 5} This language was revised at the parties' final divorce hearing to state as follows:
 {¶ 6} "This ten-year incentive bonus acquired during the parties' marriage shall be divided by the parties upon husband's receipt of same, utilizing the following formula: wife will be entitled to one half of 6.5 years of marriage over ten years of investment with Merrill Lynch times the net bonus after taxes have been paid at the marginal tax rate."
 {¶ 7} Amoa Awuah did, in fact, receive the bonus on February 19, 2001, in the amount of $105,000, which included interest from the time he became entitled to the bonus until the time it was paid. He did not pay any portion of the bonus to Wright. After trying unsuccessfully to resolve the matter out of court, Wright filed a Motion for Order to Show Cause why he had not paid her a portion of the bonus. A hearing was held before the magistrate on December 5, 2001, and on December 26, 2001, the magistrate found Amoa Awuah to be in contempt and sentenced him to three days in jail, suspended upon the condition that he pay Wright her portion of his bonus within thirty days. Amoa Awuah filed objections to the magistrate's decision on January 7, 2002. On April 2, the trial court overruled Amoa Awuah's objections and ordered him to pay Wright her share of the bonus, which would have been a minimum of $18,350[1] had it been paid when Amoa Awuah received it. The trial court also ordered Amoa Awuah to pay interest on the amount at the rate of ten percent per annum for failure to pay in a timely fashion.
 {¶ 8} Amoa Awuah appeals, raising one assignment of error.
 {¶ 9} "I. THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN THE CONSTRUCTION OF A SEPARATION AGREEMENT, AS AMENDED AT AN IN-COURT HEARING ON NOVEMBER 12, 1998 BETWEEN THE PLAINTIFF AND THE DEFENDANT, AS TO THE DISPOSITION OF A CLAIMED MARITAL ASSET."
 {¶ 10} Amoa Awuah sets forth two issues for our review under this assignment of error. However, under both, he essentially argues that the trial court erred in interpreting the separation agreement. We disagree.
 {¶ 11} Amoa Awuah points to several sections in the separation agreement to support his argument that it did not require him to pay a portion of his bonus to Wright. First, Amoa Awuah notes that the preamble to the section of the separation agreement discussing the bonus states: "All property, real and personal, which the parties own, individually or jointly, shall be divided as follows." He argues that he did not own the bonus at the time of the divorce because he did not earn it until he reached the goal of three million dollars after the divorce. Second, he argues that the change in language of the paragraph dealing with the bonus indicated that the parties acknowledged that the bonus was not guaranteed. The language was changed from "* * * 6.5 years of marriage overlap with 10 years of service with Merrill Lynch * * *" to "* * * 6.5 years of marriage over ten years of investment with Merrill Lynch * * *." Finally, Amoa Awuah argues that the parties intended Wright to receive a portion of the bonus only if it vested prior to the final divorce decree. All of his arguments can be summarized as follows: the settlement agreement required Amoa Awuah to pay Wright a portion of the bonus that he owned at the time of the divorce decree and because he did not own any portion at that time, he was not required to pay her anything.
 {¶ 12} The trial court concluded that the clear intent of the parties was that Amoa Awuah would pay the specified portion of the bonus to Wright if and when he received it. The parties acknowledged that Wright would receive nothing if Amoa Awuah did not earn the bonus. However, if he did earn it, he was to pay her a portion of it. Notwithstanding Amoa Awuah's arguments to the contrary, we agree with the trial court that the separation agreement clearly required him to pay her a portion of his bonus. As noted by the trial court, the entire paragraph regarding the bonus would be rendered meaningless if we were to construe the contract as Amoa Awuah urges.
 {¶ 13} Furthermore, as the trial court concluded, the parties clearly contemplated that Amoa Awuah would not receive the bonus until after the termination of the parties' marriage. Thus, his argument that the parties intended that Wright would receive a portion of the bonus only if he received it before the marriage was terminated must fail. There was essentially no possibility that Amoa Awuah would earn the bonus prior to the termination of the marriage, only six and a half years into the ten years allotted to reach three million dollars in business. The court also concluded that Amoa Awuah was attempting to insert conditions of payment into the separation agreement, i.e. that his right to the bonus had vested, that were not present in the agreement. The court noted that the only condition to payment was that Amoa Awuah did, in fact, receive the bonus at the end of the ten years.
 {¶ 14} We agree with the conclusions of the trial court. Amoa Awuah agreed to pay Wright a portion of the bonus if and when he received it. Because he did receive the bonus, he now owes Wright a portion of it, as calculated by the formula contained in the separation agreement. Therefore, we conclude that the trial court did not err in ordering Amoa Awuah to pay Wright the specified portion of the bonus plus ten percent in interest.
 {¶ 15} Amoa Awuah's assignment of error is overruled.
 {¶ 16} The judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.
[1] The precise amount to which Wright is entitled is dependent upon the tax rate applied to the bonus, which is not clear based upon the record before us. The figure used by the trial court, $18,350, is the amount owed to Wright assuming a tax rate of forty-eight percent.